UNITED STATES of America,
Plaintiff–Appellee,

v.

Angelo J. GIORDANO, Defendant–
Appellant.

No. 04–10744
Non–Argument Calendar.
D.C. Docket No. 03–00020–
CR–FTM–29–DNF.

United States Court of Appeals,
Eleventh Circuit.

Aug. 24, 2005.

Charles M. Harris, Ft. Myers, FL, for Defendant–Appellant.

David Paul Rhodes, United States Attorney's Office, Tampa, FL, Susan H. Raab, Jacksonville, FL, for Plaintiff–Appellee.

Before BIRCH, CARNES and MARCUS, Circuit Judges.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM.

This case is before us for consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Giordano v. United States,* ——— U.S. ———, 125 S.Ct. 1944, 161 L.Ed.2d 764 (2005). We previously affirmed Giordano's sentence. *See United States v. Giordano,* 125 Fed.Appx. 981 (11th Cir.2004) (*"Giordano I"*). In his initial brief on appeal, Giordano argued that the district court abused its discretion by not grouping the money laundering and fraud charges under the United States Sentencing Guidelines. *Id.,* slip op. at 5. The Supreme Court vacated our judgment and remanded the case to us for further consideration in light of *Booker.*

Giordano did not assert error on the basis of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any other case extending or

applying the *Apprendi* principle in the district court or in his initial brief on appeal.[1]

In *United States v. Dockery*, 401 F.3d 1261 (11th Cir.2005) (per curiam), we addressed a case presenting a similar procedural situation: a remand from thehy Supreme Court with instructions to consider our opinion in light of *Booker* in an appeal in which the appellant did not raise either a constitutional or *Apprendi* challenge to his sentence. *Id.* at 1262. In *Dockery*, we applied "our well-established rule that issues ... not timely raised in the briefs are deemed abandoned," reinstated our previous opinion, and affirmed Dockery's sentence. *Id.* at 1262–63 (quoting *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir.2001) (per curiam)). Such is the procedure we will follow in this case because Giordano failed to raise an *Apprendi* challenge to his sentence in his initial brief.

We reinstate our previous opinion and, upon reconsideration in light of *Booker*, pursuant to the Supreme Court's remand, affirm Giordano's sentence.

**OPINION REINSTATED; SENTENCE AFFIRMED.**

---

1. On 16 July 2004, Giordano moved for leave to file a supplemental initial brief, arguing that his Sixth Amendment rights were violated because his sentence was enhanced based on facts neither determined by a jury beyond a reasonable doubt nor admitted by Giordano and citing *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See Giordano I*, slip op. at 5–6. We denied Giordano's motion, citing *United States v. Levy*, 379 F.3d 1241 (11th Cir.2004) (holding that an appellant waived a *Blakely* claim by failing to address it within his initial appellate brief). *Giordano I*, slip op. at 5. Giordano also raised a *Blakely* issue in his reply brief. Again, citing *Levy*, we refused to review it because it was not raised in Giordano's initial brief. *See id.* at 5–6.

By extension, an issue raised under *Apprendi* raises an issue pursuant to *Blakely* and *Booker*. *United States v. Grant*, 397 F.3d 1330, 1331 (11th Cir.2005).

We note that, even if Giordano had timely raised *Apprendi*, or been granted leave to file a supplemental brief raising *Apprendi*, Giordano is unable to satisfy his burden to show that his substantial rights and the outcome of the proceedings were affected because Giordano was sentenced at the highest end of the guideline range and the district court expressed no reservation about imposing such a sentence. *See generally* R1–68; *United States v. Shelton*, 400 F.3d 1325, 1331–32 (11th Cir.2005); *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 2935, 162 L.Ed.2d 866 (2005).